In re: Frederick H. BANKS, Petitioner.

No. 14–3601.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 21, Fed.
R.App. P.
Sept. 5, 2014.

Opinion filed: Oct. 3, 2014.

Frederick H. Banks, Youngstown, OH,
pro se.

Before: RENDELL, FISHER and
GREENAWAY, JR., Circuit Judges.

OPINION

PER CURIAM.

Frederick Banks, proceeding pro se, has
filed a petition for a writ of mandamus
challenging proceedings related to the rev-
ocation of his supervised release. For the
reasons set forth below, we will deny the
petition.

In 2004, Banks was convicted of mail
fraud, criminal copyright infringement,
money laundering, uttering and possession
of counterfeit or forged securities, and wit-
ness tampering. He was sentenced to 60
months' imprisonment and 36 months of
supervised release. In 2005, Banks was
convicted of eight counts of mail fraud.
He was sentenced to 63 months' imprison-
ment, to be served consecutively to the
term he was already serving, and 36
months of supervised release. We af-
firmed the judgments on direct appeal.
*United States v. Vampire Nation,* 451
F.3d 189, 192 (3d Cir.2006); *United States
v. Banks,* 300 Fed.Appx. 145, 147 (3d Cir.
2008) (non-precedential).

In May 2013, Banks was released from
prison. In October 2013, the Government
filed petitions in Banks' criminal cases al-
leging that he had violated the conditions
of his supervised release by committing
another crime. After a hearing in Banks'
second case, the District Court ruled that
Banks had violated the terms of his super-
vised release and sentenced him to 14
months in prison and six months of super-
vised release. *See* W.D. Pa.Crim. No. 04–
cr–00176, 11/26/13 Judgment. We af-
firmed. *United States v. Banks,* 2014 WL
3377685 (3d Cir. July 11, 2014) (non-prece-
dential). In the first case, the District
Court stayed any hearing on the Govern-
ment's petition pending a final judgment in
Banks' appeal. *See* W.D. Pa.Crim. No.
03–cr–00245, 8/5/14 Order.

Banks asserts in his present petition for
a writ of mandamus that the violation pro-
ceedings initiated in District Court are
frivolous. He states that certain allega-
tions made by the Government were later
withdrawn. Banks claims that various in-
dividuals, including federal court employ-
ees and the District Court judges, violated
their duties in handling his cases. He
asserts, for example, that the warrant for
his arrest was not signed. Banks also
claims that a Central Intelligence Agency
and National Security Association contrac-
tor violated his duties when gathering
data. Banks seeks an order requiring
these individuals "to adhere to their statu-
tory mandates." He also seeks an award
of compensation for his confinement.

Mandamus relief is available in excep-
tional circumstances. *In re Baldwin,* 700
F.3d 122, 126 (3d Cir.2012). "We ordinari-
ly may issue 'the writ only to confine infe-
rior courts to their lawful jurisdiction or to
compel them to exercise authority when

they have a duty to do so.' " *Id.* (citations omitted). In order to be afforded mandamus relief, Banks must show that he has no other adequate means to attain the relief he desires and that his right to the writ is clear and indisputable. *Id.* at 127. A writ is not a substitute for an appeal. *In re Briscoe,* 448 F.3d 201, 212 (3d Cir. 2006).

Banks has not made the requisite showing for mandamus relief. Any challenges to the violation proceedings already held in District Court should have been raised on direct appeal. Any challenges to the pending violation proceedings can be raised in District Court or on appeal.

Accordingly, we will deny the petition for a writ of mandamus.